AO 451 (Rev 12/93)   Certification of Judgment

# UNITED STATES DISTRICT COURT

NORTHERN                    DISTRICT OF                    ALABAMA

FILED
ENTERED

RECEIVED
SERVED ON

COUNSEL/PARTIES OF RECORD

FEB 06 2023

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY:                    VR                    DEPUTY

EDGEFIELD HOLDINGS, L.L.C.

    Plaintiff,

    V.

RICHARD TRUMAN, an individual,
et al.,

    Defendant.

**CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN
ANOTHER DISTRICT**

2:23-ms-00009

Case Number:    2:11-CV-2098-VEH

I, _____ GREER M. LYNCH _____ Clerk of the United States district court certify that the

attached Final Default Judgment is a true and correct copy of the original judgment entered in        September 20,
this action on                                                                                                              2011 _____ , as it
                                                                                                                               Date

appears in the records of this court, and that   no notice of appeal from this judgment has been filed, and any motions of
the kinds  listed in Rule 4(a) of the Federal Rule of Appellate Procedure (+) have been disposed of, the latest order (see
document #21) disposing of such  motions having been entered on 1/05/22.

See Motion for Substitution of Party Plaintiff and Memorandum in Support (document #19) and Motion to Revive
Judgment and Memorandum in Support (document #20) attached.

      **IN TESTIMONY WHEREOF,** I sign my name and affix the seal of this Court.

      **JAN 13 2023**

_____
          Date

Greer M. Lynch
_____
Clerk

Shirley A. Williams
_____
(By) Deputy Clerk

*Insert the appropriate language: ..."no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal
Rules of Appellate Procedure has been filed." ..."no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a)
of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered on [date]." ..."an
appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]. ..."an appeal was taken from
this judgment and the appeal was dismissed by order entered on [date]."
·(†Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings
of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

FILED
2011 Sep-20 PM 02:1
U.S. DISTRICT COUR
N.D. OF ALABAM,

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **REGIONS EQUIPMENT FINANCE CORPORATION,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | **Case No.: 2:11-CV-2098-VEH** |
| **RICHARD TRUMAN, an individual; et al.,** | ) ) ) ) | |
| **Defendants.** | ) ) | |

---

### FINAL DEFAULT JUDGMENT

Based upon the accompanying Memorandum Opinion and Order, Plaintiff Regions Equipment Finance Corporation's ("REFCO") Motion For Default Judgment Against Defendants (Doc. 11) is **GRANTED**, and **FINAL DEFAULT JUDGMENT** is **HEREBY ENTERED** in favor of REFCO and against Defendants Richard Truman, Patricia M. Truman, Mitchell W. Truman, The Truman Family Limited Partnership II, and Pan Western Corporation (collectively "the Defendants"), jointly and severally, in the total amount of **$1,353,318.78**, of which $1,346,965.67 is awarded as contractual damages; $5,980.01 is awarded as Plaintiff's attorneys' fees; and $373.10 is awarded as court costs.

Further, the clerk is **DIRECTED** to serve this final default judgment and a copy of the related memorandum opinion on the Defendants by regular and certified mail at the following addresses:

Richard Truman
4682 N. Cimarron Road
Las Vegas, Nevada  89129-4843


Patricia M. Truman
4682 N. Cimarron Road
Las Vegas, Nevada  89129-4843


Mitchell W. Truman
4910 Donovan Way
North Las Vegas, Nevada  89081-2765


The Truman Family Limited Partnership II
c/o Gregory J. Morris, registered agent
300 South Fourth Street, Suite 900
Las Vegas, Nevada  89101


Pan Western Corporation
c/o Gregory J. Morris, registered agent
300 South Fourth Street, Suite 900
Las Vegas, Nevada 89101

**DONE** and **ORDERED** this the 20th day of September, 2011.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

A TRUE COPY
GREER M. LYNCH, CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

BY: _____
DEPUTY CLERK

FILED
2022 Jan-05 AM 10:2
U.S. DISTRICT COUR
N.D. OF ALABAM/

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| EDGEFIELD HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    2:11-CV-2098-VEH |
| | ) |
| RICHARD TRUMAN, an individual, | ) |
| et al., | ) |
| | ) |
| Defendants. | |

## ORDER

Presently before the Court in this closed case are two motions: (1) Plaintiff's

motion to substitute Edgefield Holdings, LLC, assignee of the judgment in this

action, as the party plaintiff in accordance with Fed. R. Civ. P. 25(c) and to amend

the case caption accordingly (doc. 19); and Plaintiff's motion to revive the judgment

entered in this case on September 20, 2011 (doc. 20.)

Both motions (docs. 19 & 20) are hereby **GRANTED**.

It is **ORDERED** that the judgment is revived without interruption. A copy of

this Order so reviving the judgment will be attached to any Certification of the

Judgment issued by the Clerk of this Court.

The Clerk is hereby directed to amend the case caption to reflect that

Edgefield Holdings, LLC is the plaintiff.

**DONE** and **ORDERED** on January 5, 2022.

L. Scott Coogler
United States District Judge

160704

A TRUE COPY
GREER M. LYNCH, CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

BY:
DEPUTY CLERK

2

FILED

2021 Nov-15 PM 02:3
U.S. DISTRICT COURT
N.D. OF ALABAM,

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

REGIONS EQUIPMENT FINANCE
CORPORATION,

        Plaintiff,

    v.

RICHARD TRUMAN, an individual;
et. al.,

        Defendants.

Case No. 2:11-cv-2098-VEH

## MOTION FOR SUBSTITUTION OF PARTY PLAINTIFF AND
## MEMORANDUM IN SUPPORT

Edgefield Holdings, LLC, assignee of the judgment entered in this action, respectfully moves the Court to enter an order pursuant to *Fed. R. Civ. P.* 25(c) substituting Edgefield Holdings, LLC as party plaintiff and for the case caption to be amended accordingly.

1.    On September 20, 2011, the Court entered a default judgment (the "Judgment") in favor of Regions Equipment Finance Corporation and against The Truman Family Limited Partnership II, Pan Western Corporation, Richard Truman, Patricia Truman, and Mitchell W. Truman in the amount of $1,353,318.78. (Doc. 14)

2.    On June 30, 2021, the Judgment was assigned to Edgefield Holdings, LLC. Attached hereto as **Exhibit 1** is a true and correct copy of the Assignment of Judgment. As a result of the Assignment of Judgment, Edgefield Holdings, LLC is the real party plaintiff/judgment creditor in this action and should be substituted for Regions Bank Equipment Finance Corporation.

·A TRUE COPY
GREER M. LYNCH, CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
BY· *Shirley A. Williams*
DEPUTY CLERK

{M1861996.1}

Federal Rule of Civil Procedure 25 governs the substitution of parties. Federal Rule of Civil Procedure 25(c) provides the following:

> **Transfer of Interest**. If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).

3.    "Federal Rule of Civil Procedure 25(c) requires 'that the court act upon a motion to substitute,' and does not allow 'for automatic substitution when there is a transfer of interest.'" *Lindley v. Darby Bank & Tr. Co.*, No. 4:10-CV-309, 2011 U.S. Dist. LEXIS 50503 at *2 (S.D. Ga. May 11, 2011) (citing *Vision Bank v. Bama Bayou, LLC*, 2011 U.S. Dist. LEXIS 14237, at *2 (S.D. Ala. Feb. 14, 2011)).

4.    "Courts have recognized that substitution under Rule 25(c) may be permitted after entry of a judgment; these cases, however, typically involve the substitution of a party to enforce a judgment." *Certain Underwriters at Lloyd's v. Best for Less Food Mart, Inc.*, No. 8:10–cv–688–T–30AEP, 2015 U.S. Dist. LEXIS 19270 (M.D. Fla. Feb. 18, 2015) (citing *Vision Bank v. Algernon Land Co., L.L.C.*, No. 10–00172–N, 2012 U.S. Dist. LEXIS 32665, at *2 (S.D. Ala. Mar. 12, 2012) ("The Court may, within its discretion, permit the substitution of parties pursuant to Rule 25(c) of the Federal Rules of Civil Procedure even after judgment is entered where substitution is necessary for enforcement of the judgment.") and *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 153–54 (6th Cir. 1992)).

5.    In evaluating whether substitution is appropriate, courts have considered the prospective substituting party's connection to the proceedings and whether there is good cause for the substitution. *Litton Ind. Automation Sys., Inc. v. Nationwide Power Corp.*, 75 A.F.T.R. 2d 95-2276 (M.D. Fla. 1995), *aff'd sub nom. Litton Indus. Automation Sys., Inc. v. Nationwide Power Corp.*, 106 F.3d 366 (11th Cir. 1997).

6.      Here, by means of the Assignment of Judgment, Edgefield Holdings, LLC has obtained the Judgment and is now the real party plaintiff/judgment creditor in interest.

7.      Accordingly, good cause exists to substitute Edgefield Holdings, LLC into this action. Edgefield Holdings, LLC respectfully moves the Court for an order substituting Edgefield Holdings, LLC as party plaintiff/judgment creditor and amending the case caption accordingly.[1]

WHEREFORE, for each and all of the foregoing reasons, Edgefield Holdings, LLC respectfully requests that the Court enter an order granting the motion, substituting Edgefield Holdings, LLC as plaintiff/judgment creditor, amending the case caption to list Edgefield Holdings, LLC as plaintiff/judgment creditor, and granting such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted on November 15, 2021.

*/s/ Joseph D. Steadman, Jr.*
Ben H. Harris, III
Joseph D. Steadman, Jr.

Jones Walker LLP
11 North Water Street
Suite 1200
Mobile, Alabama 36602
251-432-1414 (Phone)
251-433-4106 (Facsimile)
bharris@joneswalker.com
jsteadman@joneswalker.com

*Counsel for Edgefield Holdings, LLC*

---

[1] Edgefield Holdings, LLC does not request a hearing on this motion and submits that a hearing is not necessary for a Court to rule on the merits on the motion. While the language of Rule 25(c) contemplates a hearing on the motion, Courts have ruled that a hearing is not strictly required. "While the wording of Rule 25(a)(3) is somewhat confusing, it appears that the court need not hold a hearing before granting a motion to substitute under Rule 25 unless specific reasons make a hearing necessary." *Tomberlin v. Multibank 2009-1 CML-ADC Venture, LLC*, 2018 U.S. Dist. LEXIS 6281 (M.D. Ala. January 16, 2018).

{M1861996.1}                                    3

## CERTIFICATE OF SERVICE

I hereby certify that, on November 15, 2021, I filed a copy of the foregoing with the Clerk

of Court and served a true and correct copy of the foregoing to the following persons through the

Court's CM/ECF system, or, if a party does not participate therein, by United States mail in a

sealed envelope with proper postage affixed thereon and addressed to the following:

Julia G. Bernstein, Esq.
Jayna Lamar Partain, Esq.
Tiffany T. Leonard, Esq.
MAYNARD COOPER & GALE, PC
1901 Sixth Avenue North, Suite 2400
Birmingham, AL 35203
Telephone: (205) 254-1000
Facsimile: (205) 254-1999
jbernstein@maynardcooper.com
jlamar@maynardcooper.com
tleonard@maynardcooper.com

The Truman Family Limited Partnership II
c/o Gregory J. Morris, registered agent
300 South Fourth Street, Suite 900
Las Vegas, NV 89101

Pan Western Corporation
c/o Gregory J. Morris, registered agent
300 South Fourth Street, Suite 900
Las Vegas, NV 89101

Richard Truman
4682 N. Cimarron Road
Las Vegas, NV 89129-4843

Patricia M. Truman
4682 N. Cimarron Road
Las Vegas, NV 89129-4843

Mitchell W. Truman
4910 Donovan Way
North Las Vegas, NV 89081-2765

/s/ Joseph D. Steadman, Jr.
OF COUNSEL

{M1861996.1}                                    4

Exhibit B

ASSIGNMENT OF JUDGMENT AND LOAN DOCUMENTS

Regions Bank, an Alabama banking corporation ("**Assignor**"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, hereby assigns, transfers, sets over and conveys to Edgefield Holdings, LLC, a Delaware limited liability company ("**Assignee**"), all of Assignor's right, title and interest in and to (a) the judgment described on **Exhibit A** attached hereto and all related documents and rights Assignor has in the Judgment, as the same may have been assigned, amended, supplemented, restated or modified and (b) the Loan Documents (as defined in the Purchase Agreement (as defined below)), as the same may have been assigned, amended, supplemented, restated or modified.

**TO HAVE AND TO HOLD** the same unto Assignee and its successors and assigns forever.

It is the intention of the parties herein that by virtue of this Assignment, Assignee will become the owner of the Judgment and all of Assignor's rights, title and interest incident thereto.

Assignor hereby nominates and appoints Assignee as its attorney-in-fact, which shall be construed as being coupled with an interest, with respect to the assignment or recording of any Judgment or Loan Documents, which shall include the right to act in Assignor's and its affiliates' names, places and steads to execute, deliver and record any instrument of assignment, recording, perfection, protection, amendment, renewal, extension, application and any other documents which Purchaser, in its sole and exclusive judgment and discretion, deems necessary or desirable to assign, preserve, register and/or record its rights in and to the Judgment and Loan Documents.

This Assignment is made without recourse or representation or warranty, express, implied or by operation of law, of any kind and nature whatsoever, except as set forth in that Purchase Agreement dated as of June 30, 2021_ between Assignor and Assignee (the "**Purchase Agreement**").

[Signature on following page]

**EXHIBIT 1**

Dated this __30th____ day of _June__, 2021.

REGIONS BANK, an Alabama banking corporation

By: _____

Debbie Upchurch
Vice President

STATE OF ALABAMA            )
                            ) ss:
COUNTY OF TALLADEGA         )

Before me, Lisa S Baker in and for said County and State, on this 30 day of June_____, 2021, personally appeared Debbie Upchurch, to me known to be the identical person who subscribed the name of the Assignor to the foregoing instrument as its vice president and acknowledged before me that she executed the same as her free and voluntary act and deed, and as the free and voluntary act and deed of Regions Bank, for the uses and purposes therein set forth.

```
LISA S. BAKER
NOTARY PUBLIC
STATE OF ALABAMA
COMM. EXP. 03-24-2025
```

_____
Notary Public

Exhibit A



| Name | Judgment Amt | Judgment Date |
|---|---|---|
| Richard Truman | $1,353,318.78 | 9/20/2011 |

I

FILED
2021 Nov-15 PM 03:1
U.S. DISTRICT COUR
N.D. OF ALABAM/

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

|  |  |
|---|---|
| REGIONS EQUIPMENT FINANCE CORPORATION, | |
| Plaintiff, | |
| v. | Case No. 2:11-cv-2098-VEH |
| RICHARD TRUMAN, an individual; et. al., | |
| Defendants. | |

## MOTION TO REVIVE JUDGMENT AND MEMORANDUM IN SUPPORT

Edgefield Holdings, LLC ("Edgefield"), assignee of the judgment entered in this action, pursuant to Fed. R. Civ. P. 69(a) and Ala. Code § 6-9-191 et. seq., respectfully moves the Court to revive the judgment entered in this case on September 20, 2011.  In support, Edgefield states as follows:

1.      On September 20, 2011, the Court entered a default judgment (the "Judgment") in favor of Regions Equipment Finance Corporation and against The Truman Family Limited Partnership II, Pan Western Corporation, Richard Truman, Patricia Truman, and Mitchell W. Truman in the amount of $1,353,318.78.  (Doc. 14)

2.      On June 30, 2021, the Judgment was assigned to Edgefield.[1]

3.      The judgment remains outstanding and has not been satisfied.[2]

A TRUE COPY
GREER M. LYNCH, CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

BY: _Shirla A. Williams_
/DEPUTY CLERK

---

[1] An affidavit of Ben H. Harris, III, is attached as Exhibit A. True and correct copies of the Judgment and assignment are attached to the affidavit as Composite Exhibit 1.
[2] Exhibit A, at ¶ 4.

{M1862025.1}

4.    As of November 8, 2021, the amount owed under the judgment is $1,368,417.37.[3]

5.    Alabama judgments are presumed to be satisfied within ten years of entry.  See Ala. Code § 6-9-191.  However, a judgment can be revived for an additional ten year period upon sufficient proof from plaintiff that the judgment has not been satisfied.  See Ala. Code § 6-9-192 (permitting revival of judgment "by appropriate motion or action under the Alabama Rules of Civil Procedure"); and *Gloor v. BancorpSouth Bank*, 216 So. 3d 444, 446-447 (Ala. Civ. App. 2016) (affidavit of corporate representative of judgment creditor is sufficient to rebut presumption that judgment has been satisfied after ten years); *Paccar Fin. Corp. v. Robbins Group, Int'l, Inc.*, 2012 U.S. Dist, LEXIS 156558 (N.D. Ala. November 1, 2012) (same).

6.    WHEREFORE, Edgefield Holdings, LLC respectfully moves the Court to revive the judgment for up to and through September 20, 2031, which is the twenty year anniversary of entry of the judgment. See Ala. Code § 6-9-190 (limiting life of a judgment to twenty years); *McClendon v. Hepburn*, 876 So. 2d 479 (Ala. 2003) (a judgment may not be extended beyond twenty years).

Respectfully submitted on November 15, 2021.

*/s/ Joseph D. Steadman, Jr.*
Ben H. Harris, III
Joseph D. Steadman, Jr.

Jones Walker LLP
11 North Water Street
Suite 1200
Mobile, Alabama 36602
251-432-1414 (Phone)
251-433-4106 (Facsimile)
bharris@joneswalker.com
jsteadman@joneswalker.com

*Counsel for Edgefield Holdings, LLC*

---

[3] Exhibit A, at ¶ 5.

## CERTIFICATE OF SERVICE

I hereby certify that, on November 15, 2021, I filed a copy of the foregoing with the Clerk

of Court and served a true and correct copy of the foregoing to the following persons through the

Court's CM/ECF system, or, if a party does not participate therein, by United States mail in a

sealed envelope with proper postage affixed thereon and addressed to the following:

Julia G. Bernstein, Esq.
Jayna Lamar Partain, Esq.
Tiffany T. Leonard, Esq.
MAYNARD COOPER & GALE, PC
1901 Sixth Avenue North, Suite 2400
Birmingham, AL 35203
Telephone: (205) 254-1000
Facsimile: (205) 254-1999
jbernstein@maynardcooper.com
jlamar@maynardcooper.com
tleonard@maynardcooper.com

The Truman Family Limited Partnership II
c/o Gregory J. Morris, registered agent
300 South Fourth Street, Suite 900
Las Vegas, NV 89101

Pan Western Corporation
c/o Gregory J. Morris, registered agent
300 South Fourth Street, Suite 900
Las Vegas, NV 89101

Richard Truman
4682 N. Cimarron Road
Las Vegas, NV 89129-4843

Patricia M. Truman
4682 N. Cimarron Road
Las Vegas, NV 89129-4843

Mitchell W. Truman
4910 Donovan Way
North Las Vegas, NV 89081-2765

/s/ Joseph D. Steadman, Jr.
OF COUNSEL

{M1862025.1}                                3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

REGIONS EQUIPMENT FINANCE
CORPORATION,

           Plaintiff,

    v.

RICHARD TRUMAN, an individual;
et. al.,

           Defendants.

Case No. 2:11-cv-2098-VEH

### AFFIDAVIT OF BEN H. HARRIS, III

Before me, the undersigned authority, personally appeared Ben H. Harris, III, who being known to me and first duly sworn, did depose and say under oath as follows:

1.     My name is Ben H. Harris, III. I am over 21 years of age. I am counsel to Edgefield Holdings, LLC in this action, and also am the attorney-in-fact for Edgefield Holdings, LLC authorized to execute this affidavit on its behalf and its motion to revive judgment. This affidavit is given on the basis of my personal knowledge and of my review of the records of Edgefield Holdings, LLC pertaining to the indebtedness referred to herein. Edgefield Holdings, LLC keeps and maintains these records in the ordinary course of its business.

2.     Edgefield Holdings, LLC is the assignee of the judgment entered by the Court dated September 20, 2011 in favor of Regions Equipment Finance Corporation and against The Truman Family Limited Partnership II, Pan Western Corporation, Richard Truman, Patricia Truman, and Mitchell W. Truman in the amount of $1,353,318.78. A true and correct copy of the judgment and the assignment of the judgment are both attached hereto as **Composite Exhibit 1**.

{M1864351.1}

**EXHIBIT A**

3.    Also, I am familiar with the records pertaining to the recovery of the debt owed to

Edgefield Holdings, LLC, as assignee of the judgment in this case.

4.    No payments have been made on the judgment, and Edgefield Holdings, LLC has

not collected any funds against the Judgment through post-judgment collections.  The judgment

remains outstanding and has not been satisfied.

5.    As of November 8, 2021, the amount owed under the judgment is as follows:

| | | |
|---|---|---|
| Judgment principal | $ | 1,353,318.78 |
| Post-Judgment Interest at 0.11% from 9/21/11 through 11/4/21 (per diem of $4.07849495 for 3,702 days) | $ | 15,098.59 |
| TOTAL: | $ | 1,368,417.37 |

BEN H. HARRIS, III

STATE OF ALABAMA

COUNTY OF MOBILE

I, the undersigned authority, in and for said County in said State, hereby certify that Ben H. Harris, III whose name as attorney-in-fact for Edgefield Holdings, LLC, is signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, he, as such officer and with full authority, executed the same voluntarily for and as the act of said company.

Given under my hand this the 12th day of November, 2021

(S E A L)

NOTARY PUBLIC

My Commission Expires: May 3, 2023

# Composite Exhibit 1

Case 2:23-ms-00009   Document 1   Filed 02/08/23   Page 20 of 25
Case 2:11-cv-02098-VEH   Document 20   Filed 11/15/21   Page 7 of 12
Case 2:11-cv-02098-VEH   Document 14   Filed 09/20/11   Page 1 of 3

FILED

2011 Sep-20  PM 02:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| REGIONS EQUIPMENT FINANCE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 2:11-CV-2098-VEH |
| RICHARD TRUMAN, an individual; et al., | ) ) ) | |
| Defendants. | ) ) | |

---

## FINAL DEFAULT JUDGMENT

Based upon the accompanying Memorandum Opinion and Order, Plaintiff Regions Equipment Finance Corporation's ("REFCO") Motion For Default Judgment Against Defendants (Doc. 11) is **GRANTED**, and **FINAL DEFAULT JUDGMENT** is **HEREBY ENTERED** in favor of REFCO and against Defendants Richard Truman, Patricia M. Truman, Mitchell W. Truman, The Truman Family Limited Partnership II, and Pan Western Corporation (collectively "the Defendants"), jointly and severally, in the total amount of **$1,353,318.78**, of which $1,346,965.67 is awarded as contractual damages; $5,980.01 is awarded as Plaintiff's attorneys' fees; and $373.10 is awarded as court costs.

Case 2:23-ms-00009    Document 1    Filed 02/08/23    Page 21 of 25
Case 2:11-cv-02098-VEH   Document 20   Filed 11/15/21   Page 8 of 12
Case 2:11-cv-02098-VEH   Document 14   Filed 09/20/11   Page 2 of 3

Further, the clerk is **DIRECTED** to serve this final default judgment and a

copy of the related memorandum opinion on the Defendants by regular and certified

mail at the following addresses:

> Richard Truman
> 4682 N. Cimarron Road
> Las Vegas, Nevada  89129-4843


> Patricia M. Truman
> 4682 N. Cimarron Road
> Las Vegas, Nevada  89129-4843


> Mitchell W. Truman
> 4910 Donovan Way
> North Las Vegas, Nevada  89081-2765


> The Truman Family Limited Partnership II
> c/o Gregory J. Morris, registered agent
> 300 South Fourth Street, Suite 900
> Las Vegas, Nevada  89101


> Pan Western Corporation
> c/o Gregory J. Morris, registered agent
> 300 South Fourth Street, Suite 900
> Las Vegas, Nevada 89101

Case 2:23-ms-00009    Document 1    Filed 02/08/23    Page 22 of 25
Case 2:11-cv-02098-VEH    Document 20    Filed 11/15/21    Page 9 of 12
Case 2:11-cv-02098-VEH    Document 14    Filed 09/20/11    Page 3 of 3

**DONE** and **ORDERED** this the 20th day of September, 2011.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

<u>Exhibit B</u>

<u>ASSIGNMENT OF JUDGMENT AND LOAN DOCUMENTS</u>

Regions Bank, an Alabama banking corporation ("**Assignor**"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, hereby assigns, transfers, sets over and conveys to Edgefield Holdings, LLC, a Delaware limited liability company ("**Assignee**"), all of Assignor's right, title and interest in and to (a) the judgment described on **Exhibit A** attached hereto and all related documents and rights Assignor has in the Judgment, as the same may have been assigned, amended, supplemented, restated or modified and (b) the Loan Documents (as defined in the Purchase Agreement (as defined below)), as the same may have been assigned, amended, supplemented, restated or modified.

**TO HAVE AND TO HOLD** the same unto Assignee and its successors and assigns forever.

It is the intention of the parties herein that by virtue of this Assignment, Assignee will become the owner of the Judgment and all of Assignor's rights, title and interest incident thereto.

Assignor hereby nominates and appoints Assignee as its attorney-in-fact, which shall be construed as being coupled with an interest, with respect to the assignment or recording of any Judgment or Loan Documents, which shall include the right to act in Assignor's and its affiliates' names, places and steads to execute, deliver and record any instrument of assignment, recording, perfection, protection, amendment, renewal, extension, application and any other documents which Purchaser, in its sole and exclusive judgment and discretion, deems necessary or desirable to assign, preserve, register and/or record its rights in and to the Judgment and Loan Documents.

This Assignment is made without recourse or representation or warranty, express, implied or by operation of law, of any kind and nature whatsoever, except as set forth in that Purchase Agreement dated as of June 30, 2021_ between Assignor and Assignee (the "**Purchase Agreement**").

[Signature on following page]

Dated this __30th____ day of _June__, 2021.

REGIONS BANK, an Alabama banking corporation

By: _____

Debbie Upchurch
Vice President

STATE OF ALABAMA          )
                          ) ss:
COUNTY OF TALLADEGA       )

Before me, Lisa S Baker in and for said County and State, on this 30 day of June____, 2021, personally appeared Debbie Upchurch, to me known to be the identical person who subscribed the name of the Assignor to the foregoing instrument as its vice president and acknowledged before me that she executed the same as her free and voluntary act and deed, and as the free and voluntary act and deed of Regions Bank, for the uses and purposes therein set forth.



LISA S. BAKER
NOTARY PUBLIC
STATE OF ALABAMA
COMM. EXP. 03-24-2025

_____
Notary Public

Exhibit A



| Name | Judgment Amt | Judgment Date |
| --- | --- | --- |
| Richard Truman | $1,353,318.78 | 9/20/2011 |